UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY SAENZ,
        Plaintiff,

v.                                                   Case No. 07-C-545

MATTHEW J. FRANK, MICHAEL THURMER,
JAMES GREER, DR. CHARLES LARSON,
DR. DAVID BURNETT, MD, BELINDA SCHRUBBE,
LISA BAKER, GAIL WALTZ, MARY GORSKE,
JUDY SCHAEFER, CHARLENE REITZ,
PATTY CARRAN and FRANCES MONROE-JENNINGS,
        Defendants.

## ORDER

Plaintiff Jerry Saenz, who is incarcerated at the Columbia Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month

period immediately preceding the filing of the complaint.[1] In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint showing that he lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was incarcerated at Waupun Correctional Institution ("WCI") at all times relevant. Defendants are: former Wisconsin Department of Corrections ("DOC") Secretary Matthew J. Frank; WCI Assistant Security Director Mike Thurmer; Bureau of Health Services Director James Greer; Bureau of Health Services Medical Director David Burnett, M.D.; Charles Larson, M.D.; Nurse Belinda Schrubbe; Nurse Francis Monroe-Jennings; Nurse Lisa Baker; Nurse Patty Carran; Nurse Gail Waltz; Nurse Mary Gorske; Nurse Judy Schaefer; and Nurse Charlene Reitz.

According to the complaint, in June 2005, plaintiff was removed from his cell in WCI's Segregation Unit and strapped down in four- and five-point restraints. Then, defendants

3

Nurse Schrubbe, Nurse Jennings, Nurse Gorske, Nurse Reitz, Nurse Baker, Nurse Schaefer and Nurse Carran intravenously force-fed plaintiff for approximately four to five hours, after a decision had been made by defendant Thurmer that plaintiff was on a hunger strike and defendant Dr. Larson opined that his life was in danger. In July and August 2005, plaintiff was again removed from his cell, placed in restraints, and intravenously fed as well as tube-fed through the nose.

Plaintiff asserts that, in force-feeding him, defendants were acting under the authority of an ex parte court order issued by the Dodge County Circuit Court," In the Matter of Jerry Saenz, Wisconsin Dept. of Corr's v. Jerry Saenz Case No. 2005GN63." (Compl. at 4.) Defendant Thurmer filed the order and it was supported by an affidavit from defendant Larson. There were no other procedural rules or policies mandated before defendants were able to petition a court seeking an ex parte order to force-feed plaintiff. On January 25, 2007, the Wisconsin Court of Appeals issued a decision and order reversing the circuit court's ex parte order authorizing the DOC to force-feed plaintiff and concluded, inter alia, that the ex parte proceedings were not adequate to provide Saenz with due process. According to plaintiff, defendants Greer and Burnett are responsible for establishing and/or making recommendations for medical procedures to force-feed prisoners in the legal custody of the DOC.

Plaintiff contends that defendants violated his Fourteenth Amendment right to procedural due process by failing to establish adequate pre-deprivation procedures before force-feeding him; that defendants violated his Fourth Amendment rights when they illegally seized him and placed him in four and five point restraints arbitrarily; and that defendants violated his Eighth Amendment right against cruel and unusual punishment "when they failed

4

to provide him and showed a deliberate indifference to his serious medical needs and instead inflicted unnecessary pain and suffering upon him." (Compl. at 7.) For relief, plaintiff seeks temporary and permanent injunctions prohibiting defendants from force-feeding him until they establish a pre-deprivation procedure that satisfies constitutional standards of due process; a declaratory judgment that plaintiff "and all other prisoners in the legal custody of the W.D.O.C."[2] are entitled to procedural due process before they may be compelled to undergo forced feeding; and compensatory and punitive damages.

In this circuit, prisoners may have a limited liberty interest in refusing to eat. See Freeman v. Berge, 441 F.3d 543, 546 (7th Cir. 2006) (citations omitted); see also Cruzan v. Director, Missouri Dep't of Health, 497 U.S. 261, 278-79 (1990) (a competent person has a constitutionally protected liberty interest in refusing medical treatment); but cf., Grand Jury Subpoena John Doe v. United States, 150 F.3d 170, 172 (2d Cir. 1998) (holding that a court's force-feeding order did not violate civil contemnor's constitutional rights because the institution where he is housed is responsible for his care while incarcerated and compelling governmental interests outweighed the constitutional rights asserted). At this stage of the proceedings, plaintiff may proceed on his due process claim. However, I note that I may lack subject matter jurisdiction over this claim, pursuant to the Rooker-Feldman doctrine. I cannot definitely make that determination at this time. See O'Malley v. Litscher, 465 F.3d 799, 802-05 (7th Cir. 2006).

---

[2] In several instances in the complaint, plaintiff asserts that defendants violated the constitutional rights of all prisoners similarly situated to him. This action is not a class action. Moreover, plaintiff is advised that he may bring this pro se action on behalf of himself only. See Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that pro se litigants may not proceed on behalf of another).

5

Plaintiff characterizes his claim about being placed in five point restraints as a Fourth Amendment claim. However, such claims typically fall under the Eighth Amendment. See French v. Owens, 777 F.2d 1250, 1253-54 (7th Cir. 1985); Bruscino v. Carlson, 854 F.2d 162, 165-66 (7th Cir. 1988). Plaintiff also claims that defendants used excessive force against him and that they were deliberately indifferent to his serious medical need. Plaintiff may proceed on his Eighth Amendment claims.

The court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. He may proceed on claims under the Eighth and Fourteenth Amendments.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

6

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge