# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERRY SAENZ,**

      **Plaintiff,**

     v.                                                          Case No. 07-C-545

**MATTHEW J. FRANK, MICHAEL THURMER,
JAMES GREER, DR. CHARLES LARSON,
DR. DAVID BURNETT, BELINDA SCHRUBBE,
LISA BAKER, GAIL WALTZ,
MARY GORSKE, JUDY SCHAEFER,
CHARLENE REITZ, FRANCIS L MONROE-JENNINGS,
and PATTY CARRAN,**

      **Defendants.**

## DECISION AND ORDER

On September 18, 2009, I granted defendants' motion for summary judgment, and the clerk of court entered final judgment. On October 2, 2009, plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), which I address below. I assume familiarity with my prior opinion.

Plaintiff raises two issues in his motion. First, he argues that I erroneously dismissed on Rooker-Feldman grounds his claim that he was forcibly fed and hydrated in violation of his Fourteenth Amendment right to procedural due process. He argues that, contrary to my finding, the state circuit court did not enter two separate force-feeding orders, one temporary and one permanent. Instead, the court issued one order concerning force-feeding and then issued a second order confirming that the first order was intended to be permanent. Whether or not this is the case, however, the court of appeals

considered only the second order to be the order under review, and reversed only that order. See In re Saenz, 299 Wis. 2d 486, 491 (Ct. App. 2007) (noting that "Saenz claims the circuit court erred in entering the final order," and reversing "the appealed order"). Thus, the state court of appeals did not reverse the temporary order – that is, the order that caused the injuries of which plaintiff complains in this lawsuit.

However, one thing I overlooked in my prior opinion was that the parties to the state action subsequently settled the case, and pursuant to that settlement the state trial court vacated both the temporary and the permanent order. (Pl's Mot. for Judicial Notice, Ex. B.) The state court entered this order before plaintiff commenced the present action, and thus by the time he came to federal court he was no longer a state court loser with respect to either of the orders, temporary or permanent. Accordingly, I find that my decision to dismiss plaintiff's claim for lack of subject matter jurisdiction was erroneous.

Nonetheless, in my previous order, I noted that even if I had jurisdiction over plaintiff's force-feeding claim, I would enter summary judgment on the merits of the claim. Plaintiff's sole argument in support of his claim was that defendants were bound by issue preclusion and therefore could not in this court deny that they force fed him in violation of his right to procedural due process. But as I explained, no state court ever held or implied that defendants' actions in force-feeding plaintiff on July 29 through August 1, 2005 violated plaintiff's due process rights. Instead, the court of appeals expressly stated that the Department of Corrections ("DOC") had established by way of affidavit in the circuit court that exigent circumstances existed and that immediate involuntary treatment of plaintiff was necessary to avoid serious harm. Saenz, 299 Wis. 2d at 506-07. The only problem the court of appeals identified in the temporary order was that it did not set a date

2

Case 2:07-cv-00545-LA    Filed 11/04/09    Page 2 of 4    Document 65

for an evidentiary hearing at which plaintiff could have challenged the DOC's affidavits. But as I previously explained, the lack of an evidentiary hearing did not result in any unwarranted force-feeding. All the force-feeding occurred on the heals of the issuance of the temporary order – i.e., before an evidentiary hearing could have been held. Thus, no court has decided that defendants violated plaintiff's due process rights when they force fed him on July 29 through August 1, 2005, and therefore plaintiff cannot rely on issue preclusion to prevail on his due process claim in this court. Because plaintiff did not, and does not now, offer any arguments that do not depend on issue preclusion, summary judgment on plaintiff's due process claim was, and remains, appropriate.

The other issue that plaintiff raises in his motion for reconsideration is that I did not address his Eighth Amendment and state law claims challenging the manner in which defendants' force fed plaintiff. However, as explained in the third footnote to my previous opinion, defendants had moved for summary judgment on all claims regarding the manner in which plaintiff was force fed, yet plaintiff did not attempt to support those claims in his briefs. Thus, I concluded that plaintiff had abandoned those claims and that they were waived. Plaintiff has not included any argument in support of these claims in his motion for reconsideration, and therefore my original disposition stands.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as I alter my order of September 18, 2009 to change the disposition of plaintiff's procedural due process claim to a dismissal on the merits. In all other respects, the motion is denied.

3

Dated at Milwaukee, Wisconsin, this 3 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge